UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

THE COMPLAINT OF SIMPLE SAILING
CHARTERS, LLC, AS OWNER OF *BOAT #3*
(hull identification number DFFL0009E313),
ITS ENGINES, TACKLE, APPURTENANCES,
EQUIPMENT, ETC., IN A CAUSE OF
EXONERATION FROM OR LIMITATION OF
LIABILITY,

Case No. 8:16-cv-2972-T-24- AEP

    Petitioner/Third-Party Plaintiff,

v.

GLADYMARI FELICIANO,

    Third-Party Defendant.
_____/

## ORDER

This cause comes before the Court on Gladymari Feliciano's Motion to Dismiss Counts I and II. (Doc. No. 28). Simple Sailing Charters, LLC opposes the motion. (Doc. No. 29). As explained below, the motion is denied.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

On September 5, 2016, Gladymari Feliciano chartered a vessel from Simple Sailing Charters, LLC ("Simple Sailing") and took eight passengers on a recreational cruise.  (Doc. No. 1, ¶ 9).  According to Simple Sailing, the vessel "dragged anchor and allided with the dock or a nearby seawall causing substantial damage" to the vessel and dock.  (Doc. No. 1, ¶ 9).  One of the passengers, Lisa Merriweather, sent a demand to Simple Sailing, in which she claimed to have suffered personal injuries from the cruise.  (Doc. No. 1, ¶ 9).  Thereafter, Simple Sailing filed a complaint for exoneration from or limitation of liability.  (Doc. No. 1).

In response to Simple Sailing's complaint for exoneration from or limitation of liability, Merriweather filed a claim against Simple Sailing.  Merriweather alleges that after the cruise began, the weather conditions deteriorated, including heavy rains and high winds.  (Doc. No. 9, ¶ 24).  Merriweather further alleges that the weather caused the vessel to slam into a seawall and throw about the passengers and a table inside the vessel.  (Doc. No. 9, ¶ 26).  The table hit Merriweather and injured her.  (Doc. No. 9, ¶ 26).  As a result, Merriweather claims that Simple

Sailing is liable to her, because it was negligent in the rental of the vessel, and the vessel was unseaworthy. (Doc. No. 9, ¶ 27).

Simple Sailing then filed a third-party complaint against Feliciano asserting four claims: (1) breach of contract, (2) remedy over (contractual indemnity), (3) contribution, and (4) tender. (Doc. No. 13). Simple Sailing attached the charter contract to its third-party complaint, which provides, in pertinent part, the following:

> 1. By renting this vessel you acknowledge that boating poses various hazards, which can cause serious injury, death, or property damage.
> **AT ALL TIMES:**
>    1. You must remain aware of weather visibility, tides[,] current, wind and other factors which may affect your ability to navigate the vessel safely
>    2. You must adhere to all applicable nautical rules of the road.
>    3. You must take reasonable measures to avoid risk of collision with other vessels, docks[,] buoys[,] swimmers or other objects or things, whether fed or floating
>    4. You must give the right of way to vessels under sail
>    \*   \*   \*
> 4. . . . Further, you must operate the vessel in Tampa Bay only. You may not operate the vessel outside the area indicated on the map, or take the vessel out in the open ocean. . . .
>    \*   \*   \*
> 7. [Feliciano] shall defend indemnify and hold harmless Simple Sailing Charters, LLC . . . from and against any damage, loss, theft, or destruction of any equipment or property and against all accidents and losses, liability and property or personal damages, injuries, claims, demands, actions, causes, litigation or lawsuits costs and expenses of every kind and nature whether or not covered by insurance, including legal fees and disbursements, arising out of and in connection with the use, condition or operation of the vessel. [Feliciano] assumes all responsibility.

(Doc. No. 13-1).

3

Relevant to the instant motion are Counts I and II of Simple Sailing's third-party complaint. In Count I, Simple Sailing alleges that Feliciano breached the obligation in the charter contract that she act non-negligently. Specifically, Simple Sailing alleges that Feliciano breached the charter contract by: (1) operating the vessel outside of the boundaries specified; (2) failing to remain aware of weather visibility, tides, current, wind and other factors that affected her ability to navigate the vessel safely; and (3) failing to take reasonable measures to avoid risk of collision with docks and other objects.

In Count II, Simple Sailing alleges that Merriweather's claim against Simple Sailing results from Feliciano's acts or omissions for which Feliciano should be directly liable. As a result, Simple Sailing contends that it is entitled to indemnification by Feliciano and that Feliciano should defend Simple Sailing in this action.

## III. Motion to Dismiss

Feliciano moves to dismiss Counts I and II of Simple Sailing's third-party complaint. Accordingly, the Court will analyze her arguments with respect to each count.

### A. Breach of Contract

In Count I, Simple Sailing contends that Feliciano owed it a duty to act non-negligently when operating the vessel and that she breached that duty by negligently operating the vessel. Feliciano moves to dismiss this claim, arguing that Simple Sailing is attempting to assert a negligence claim that is not independent of a breach of the contract. The Court disagrees with Feliciano.

The charter contract specifically states that at all time, Feliciano must: (1) remain aware of weather visibility, tides, current, wind and other factors that may affect her ability to navigate

the vessel safely; (2) adhere to all applicable nautical rules of the road; (3) take reasonable measures to avoid risk of collision with docks and other things; and (4) operate the vessel in Tampa Bay only.  In its third-party complaint, Simple Sailing is merely characterizing these obligations as a duty to act non-negligently by specifically doing the things the charter contract requires.  Simple Sailing is not asserting a general negligence claim.  The only "negligence" that is relevant to this claim is Feliciano's failure to comply with the safety obligations set forth in the contract.  Accordingly, the Court denies Feliciano's motion to dismiss this claim.

### B.  Indemnification

In Count II, Simple Sailing asserts an indemnification claim, arguing that Merriweather's claim against Simple Sailing results from Feliciano's acts or omissions for which Feliciano should be directly liable.  Feliciano moves to dismiss this claim, arguing that the allegations set forth within Merriweather's claim against Simple Sailing do not assert any negligence on the part of Feliciano.

Simple Sailing responds by pointing out that Federal Rule of Civil Procedure 14(c) provides that if a plaintiff [Merriweather] asserts an admiralty or maritime claim, the defendant [Simple Sailing] may, as a third-party plaintiff, bring in a third-party defendant [Feliciano] who may be wholly or partly liable—either to Merriweather or to Simple Sailing—for indemnity. That is what Simple Sailing did in this case.  In asserting its indemnity claim, Simple Sailing is not constrained by Merriweather's theory as to the cause of her injuries (i.e., that Merriweather's injuries were caused by Simple Sailing's negligence).  See Burke v. Quick Lift, Inc., 464 F. Supp.2d 150, 161 (E.D.N.Y. 2006).  Instead, Simple Sailing asserts that it was Feliciano's conduct, not its own, that caused Merriweather's injuries.  If it is later found that Feliciano's

conduct caused Merriweather's injuries, then Simple Sailing's indemnity claim will be successful. Thus, at this early stage of the proceedings—when the cause of Merriweather's injuries have not yet been determined—Feliciano's motion to dismiss Simple Sailing's indemnity claim must be denied.[1]

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Feliciano's Motion to Dismiss Counts I and II (Doc. No. 28) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of March, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] At this time, the Court need not reach Feliciano's argument that the indemnity provision does not require Feliciano to indemnify Simple Sailing if it is determined that Simple Sailing's negligence caused Merriweather's injuries. Feliciano is correct that if it is determined that Simple Sailing's negligence caused Merriweather's injuries, Simple Sailing will have to show that the charter contract clearly manifests the parties' intent to have Feliciano indemnify Simple Sailing for Simple Sailing's own negligence. See U.S. v. Seckinger, 397 U.S. 203, 212–13 (1970). After discovery, the parties may file dispositive motions on this issue.